## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**GENERAL MAJORITY PAC, a Washington, DC, not-for-profit corporation,**

**NO. 1:14-CV-0332**

     **Plaintiff**

     **v.**

**(JUDGE CALDWELL)**

**CAROL AICHELE, *et al.*,**

     **Defendants**

**Electronically Filed**

---

### DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants Carol Aichele, Kathleen G. Kane, Jonathan M. Marks, Ian Harlow, and Trisha Malehorn, through their counsel, hereby answer the complaint for declaratory judgment and injunctive relief as follows:

### I. <u>Nature of Action</u>

1-3. The allegations in these paragraphs of the Complaint contain **CONCLUSIONS OF LAW** to which **NO RESPONSE IS REQUIRED**. To the extent that a response may be required, Defendants submit that the United States Constitution and the Pennsylvania Election Code speak for themselves. Further, Defendants aver that Pennsylvania law does not recognize an "independent expenditure only" political committee, nor does Pennsylvania law expressly prescribe the consequences to GMP were it to make expenditures other than

independent expenditures contrary to its self-declaration.  Rather, Pennsylvania law permits a political committee to make any contribution or expenditure as defined by the Election Code, including the making of contributions directly to candidates, candidate committees, political party committees and other political committees, as well as making expenditures in coordination with candidates, candidate committees, political party committees and other political committees.

## II.  <u>Jurisdiction and Venue</u>

4-6.   The allegations in these paragraphs of the Complaint contain **CONCLUSIONS OF LAW** to which **NO RESPONSE IS REQUIRED**.

7-8.    **ADMITTED**, except as to Defendant Ian Harlow.  Though Defendant Harlow remains an employee of the Pennsylvania Department of State ("Department"), he is no longer assigned to the Department's Bureau of Commissions, Elections and Administration ("BCEL").

### III.  Parties

9-14.  **ADMITTED**, except respecting ¶ 13.  As noted above, Defendant
Harlow is no longer the Deputy Commissioner of BCEL.  The current Deputy
Commissioner of BCEL is Stuart Keckler.

### IV.  Statement of Facts

15.  **ADMITTED**.

16.    It is **ADMITTED** that GMP intends to solicit and accept contributions
from individuals, corporations, labor unions, and unincorporated associations, in an
aggregate amount of two hundred and fifty dollars or more, and to spend those
funds to advocate the election of Democratic legislative candidates in
Pennsylvania.  To the extent that it is alleged that these expenditures constitute
"independent expenditures" as that term is defined by the Pennsylvania Election
Code, this allegation constitutes a **CONCLUSION OF LAW** to which **NO
RESPONSE IS REQUIRED**.  By way of further answer, the Pennsylvania
Election Code speaks for itself.

17.    It is **ADMITTED** that GMP has stated that its intention is to not make
contributions to, or to coordinate expenditures on behalf of, Pennsylvania
candidates or political party committees.

18.     The allegations in this paragraph of the Complaint contain **CONCLUSIONS OF LAW** to which **NO RESPONSE IS REQUIRED**.  To the extent that a response may be required, Defendants aver that Pennsylvania law does not recognize an "independent expenditure only" political committee, nor does Pennsylvania law expressly prescribe the consequences to GMP were it to make expenditures other than independent expenditures contrary to its self-declaration.  Rather, Pennsylvania law permits a political committee to make any contribution or expenditures as defined by the Election Code, including the making of contributions directly to candidates, candidate committees, political party committees and other political committees, as well as making expenditures in coordination with candidates, candidate committees, political party committees and other political committees.

### A.     Applicable Statutory Provisions

19-27.     The allegations in these paragraphs of the Complaint contain **CONCLUSIONS OF LAW** to which **NO RESPONSE IS REQUIRED**.  To the extent that a response may be required, Defendants aver that the Pennsylvania Election Code and court orders speak for themselves.

B.     *Citizens United* and Its Progeny

28-35.  The allegations in these paragraphs of the Complaint contain

**CONCLUSIONS OF LAW** to which **NO RESPONSE IS REQUIRED**.  To the

extent that a response may be required, Defendants aver that Pennsylvania law

does not recognize an "independent expenditure only" political committee, nor

does Pennsylvania law expressly prescribe the consequences to GMP were it to

make expenditures other than independent expenditures contrary to its self-

declaration.  Rather, Pennsylvania law permits a political committee to make any

contribution or expenditures as defined by the Election Code, including the making

of contributions directly to candidates, candidate committees, political party

committees and other political committees, as well as making expenditures in

coordination with candidates, candidate committees, political party committees and

other political committees.

C.     **BCEL Opinion Request**

36-41.  It is **ADMITTED** that GMP submitted a letter to BCEL requesting

that the Department reconsider its position regarding the prohibition in

Pennsylvania law on corporations, labor unions, and unincorporated associations

from making contributions to a political committee, and that BCEL provided a

response.  By way of further answer, to the extent that any corresponding

paragraphs of GMP's complaint references a document, the document speaks for itself and no further answer is required.

### D.    Harm to GMP

42.  It is **ADMITTED** that GMP has stated that it is ready, willing and able to solicit and accept unlimited contributions from all sources, including corporations, unions and unincorporated associations, and to spend such funds on independent expenditures to promote the election or defeat of Pennsylvania legislative candidates in the 2014 election cycle.  Defendants lack sufficient knowledge regarding GMP's internal operations to know whether GMP has the capability and intention to carry out its stated goals.  By way of further answer, Defendants aver that Pennsylvania law does not recognize an "independent expenditure only" political committee, nor does Pennsylvania law expressly prescribe the consequences to GMP were it to make expenditures other than independent expenditures contrary to its self-declaration.  Rather, Pennsylvania law permits a political committee to make any contribution or expenditures as defined by the Election Code, including the making of contributions directly to candidates, candidate committees, political party committees and other political committees, as well as making expenditures in coordination with candidates, candidate committees, political party committees and other political committees.

6

43-47.   The allegations in these paragraphs of the Complaint contain

**CONCLUSIONS OF LAW** to which **NO RESPONSE IS REQUIRED**.  To the

extent that a response may be required, Defendants submit that the United States

Constitution and the Pennsylvania Election Code speak for themselves.  Further,

Defendants aver that Pennsylvania law does not recognize an "independent

expenditure only" political committee, nor does Pennsylvania law expressly

prescribe the consequences to GMP were it to make expenditures other than

independent expenditures contrary to its self-declaration.  Rather, Pennsylvania

law permits a political committee to make any contribution or expenditures as

defined by the Election Code, including the making of contributions directly to

candidates, candidate committees, political party committees and other political

committees, as well as making expenditures in coordination with candidates,

candidate committees, political party committees and other political committees.

48.    It is **ADMITTED** that GMP has stated that it is ready, willing and

able to solicit and accept unlimited contributions from all sources, including

corporations, unions and unincorporated associations, and to spend such funds on

independent expenditures to promote the election or defeat of Pennsylvania

legislative candidates in the 2014 election cycle.  Defendants lack sufficient

knowledge regarding the reasons why GMP has not previously registered as a

7

political committee so as to engage in the aforementioned solicitation of funds to make independent expenditures to promote the election or defeat of Pennsylvania state legislative candidates. Therefore, the specific allegations regarding GMP's reasoning for not previously engaging in the solicitation and expenditure of funds for independent expenditures are **DENIED**. By way of further answer, the Pennsylvania Election Code speaks for itself. Further, Defendants aver that Pennsylvania law does not recognize an "independent expenditure only" political committee, nor does Pennsylvania law expressly prescribe the consequences to GMP were it to make expenditures other than independent expenditures contrary to its self-declaration. Rather, Pennsylvania law permits a political committee to make any contribution or expenditures as defined by the Election Code, including the making of contributions directly to candidates, candidate committees, political party committees and other political committees, as well as making expenditures in coordination with candidates, candidate committees, political party committees and other political committees.

49. It is **ADMITTED** that the primary election in Pennsylvania for 2014 is May 20, 2014. To the extent that GMP is alleging that Section 1633(a) of the Pennsylvania Election Code (25 P.S. § 3253(a)) unlawfully burdens GMP's constitutional rights by not allowing it to make "independent expenditures," these

8

allegations are **CONCLUSIONS OF LAW** to which **NO RESPONSE IS REQUIRED**.  By way of further answer, as the Court on March 10, 2014, entered a preliminary injunction, GMP is not currently subject to Section 3253(a)'s prohibition of "independent expenditures" and GMP is not subject to harm from the application of Section 3253(a) prior to the May 20, 2014 primary.  Further, Defendants aver that Pennsylvania law does not recognize an "independent expenditure only" political committee, nor does Pennsylvania law expressly prescribe the consequences to GMP were it to make expenditures other than independent expenditures contrary to its self-declaration.  Rather, Pennsylvania law permits a political committee to make any contribution or expenditures as defined by the Election Code, including the making of contributions directly to candidates, candidate committees, political party committees and other political committees, as well as making expenditures in coordination with candidates, candidate committees, political party committees and other political committees.

50-51.  The allegations in these paragraphs of the Complaint contain **CONCLUSIONS OF LAW** to which **NO RESPONSE IS REQUIRED**.  To the extent a response may be required, the United State Constitution and the Pennsylvania Election Code speak for themselves.  Further, Defendants aver that Pennsylvania law does not recognize an "independent expenditure only" political

9

committee, nor does Pennsylvania law expressly prescribe the consequences to

GMP were it to make expenditures other than independent expenditures contrary to

its self-declaration.  Rather, Pennsylvania law permits a political committee to

make any contribution or expenditures as defined by the Election Code, including

the making of contributions directly to candidates, candidate committees, political

party committees and other political committees, as well as making expenditures in

coordination with candidates, candidate committees, political party committees and

other political committees.

## CLAIMS FOR RELIEF

52.     Defendants incorporate by reference its responses to the allegations in

paragraphs 1 through 51 of the Complaint.

53-59.   The allegations in these paragraphs of the Complaint contain

**CONCLUSIONS OF LAW** to which **NO RESPONSE IS REQUIRED**.  To the

extent a response may be required, the United State Constitution and the

Pennsylvania Election Code speak for themselves.  Further, Defendants aver that

Pennsylvania law does not recognize an "independent expenditure only" political

committee, nor does Pennsylvania law expressly prescribe the consequences to

GMP were it to make expenditures other than independent expenditures contrary to

its self-declaration.  Rather, Pennsylvania law permits a political committee to

make any contribution or expenditures as defined by the Election Code, including the making of contributions directly to candidates, candidate committees, political party committees and other political committees, as well as making expenditures in coordination with candidates, candidate committees, political party committees and other political committees.

60.    Defendants incorporate by reference its responses to the allegations in paragraphs 1 through 59 of the Complaint.

61-62.  The allegations in these paragraphs of the Complaint contain **CONCLUSIONS OF LAW** to which **NO RESPONSE IS REQUIRED**.  To the extent a response may be required, Defendants aver that Pennsylvania law does not recognize an "independent expenditure only" political committee, nor does Pennsylvania law expressly prescribe the consequences to GMP were it to make expenditures other than independent expenditures contrary to its self-declaration. Rather, Pennsylvania law permits a political committee to make any contribution or expenditures as defined by the Election Code, including the making of contributions directly to candidates, candidate committees, political party committees and other political committees, as well as making expenditures in coordination with candidates, candidate committees, political party committees and other political committees.

11

63.  Defendants incorporate by reference its responses to the allegations in paragraphs 1 through 62 of the Complaint.

64-68.  The allegations in these paragraphs of the Complaint contain **CONCLUSIONS OF LAW** to which **NO RESPONSE IS REQUIRED**.  To the extent a response may be required, the Pennsylvania Election Code speaks for itself.  Further, Defendants aver that Pennsylvania law does not recognize an "independent expenditure only" political committee, nor does Pennsylvania law expressly prescribe the consequences to GMP were it to make expenditures other than independent expenditures contrary to its self-declaration.  Rather, Pennsylvania law permits a political committee to make any contribution or expenditures as defined by the Election Code, including the making of contributions directly to candidates, candidate committees, political party committees and other political committees, as well as making expenditures in coordination with candidates, candidate committees, political party committees and other political committees.

**Prayer for Relief**

The remainder of the Complaint is a request for relief to which **NO**

**RESPONSE IS REQUIRED**.

**Respectfully submitted,**

**KATHLEEN G. KANE**
**Attorney General**

By:    /s/ Howard G. Hopkirk
**HOWARD G. HOPKIRK**
**Senior Deputy Attorney General**
**Attorney I.D. #74264**

**LINDSEY A. BIERZONSKI**
**Deputy Attorney General**

**Office of Attorney General**          **GREGORY R. NEUHAUSER**
**Litigation Section**                  **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**       **Chief, Civil Litigation Section**
**Harrisburg, PA  17120**
**Direct:  717-783-1478**
**Fax:      717-772-4526**

**Date:  April 28, 2014**

13

## CERTIFICATE OF SERVICE

I, Howard G. Hopkirk, Senior Deputy Attorney General, hereby certify that on April 28, 2014, I caused to be electronically served the foregoing **Defendants' Answer to the Complaint** upon the following:

Elisabeth C. Frost, Esquire
Marc E. Elias, Esquire
PERKINS COIE LLP
700 13th Street, NW, Suite 600
Washington, DC  20005
efrost@perkinscoie.com
melias@perkinscoie.com
*(Counsel for Plaintiff)*

Mark A. Aronchick, Esquire
Matthew A. Hamermesh, Esquire
HANGLEY, ARONCHICK, SEGAL & PUDLIN
1 Logan Square, 27th Floor
Philadelphia, PA  19103
maronchick@hangley.com
mhamermesh@hangley.com
*(Counsel for Plaintiff)*

**By:**    /s/ Howard G. Hopkirk
**HOWARD G. HOPKIRK**
**Senior Deputy Attorney General**