# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENERAL MAJORITY PAC, a Washington, D.C., not for profit corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>CAROL AICHELE, in her official capacity as Pennsylvania Secretary of State; KATHLEEN KANE, in her official capacity as Pennsylvania Attorney General; JONATHAN M. MARKS, in his official capacity as Commissioner of Pennsylvania's Bureau of Commissions, Elections and Legislation; IAN HARLOW, in his official capacity as Deputy Commissioner of Pennsylvania's Bureau of Commissions, Elections and Legislation; and TRISHA MALEHORN, in her official capacity as Chief of the Division of Campaign Finance and Lobbying Disclosure of Pennsylvania's Bureau of Commissions, Elections and Legislation,<br><br>*Defendants*. | Civil Action No. 1:14-CV-00332-WWC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND ISSUING A PERMANENT INJUNCTION** |

This matter comes before the Court on the Motion for Judgment on the Pleadings (the "Motion") filed by Plaintiff GENERAL MAJORITY PAC ("GMP"). The Court, having carefully considered all of the papers filed in support of the Motion, and Defendants having no opposition on the merits, finds that GMP

has demonstrated that there are no material facts in dispute and that GMP is entitled to judgment as a matter of law.  The Court further finds that GMP has demonstrated that a permanent injunction is appropriate and necessary, because GMP has shown that it is entitled to judgment as a matter of law; GMP will be irreparably injured if injunctive relief is not issued; granting the requested injunction will not cause greater harm to Defendants; and the injunction would be in the public interest.

Accordingly, IT IS HEREBY ORDERED THAT:

1. GMP's Motion for Judgment on the Pleadings is GRANTED.
2. 25 Pa. Stat. Ann. § 3253(a)'s prohibition on political committees accepting or receiving any contributions from corporations, unincorporated associations, or labor unions, or on corporations, unincorporated associations, or labor unions making such contributions, as well as any applicable rules and regulations regarding that provision, are DECLARED unconstitutional as applied to political committees that do not make contributions to, or coordinated expenditures on behalf of, candidates or political party committees.
3. Defendants, their respective agents, officers, employees, successors, and all

persons acting in concert with each or any of them are hereby immediately and permanently and forever ENJOINED AND RESTRAINED from implementing, enforcing or giving any effect to the provisions of 25 Pa. Stat. Ann. § 3253(a)'s prohibition on political committees accepting or receiving any contributions from corporations, unincorporated associations, or labor unions, or on corporations, unincorporated associations, or labor unions making such contributions, as well as any applicable rules and regulations regarding that provision, against political committees that do not make contributions to, or coordinated expenditures on behalf of, candidates or political party committees.

4. For purposes of this order, the term "contribution" shall have the meaning provided by 25 Pa. Stat. Ann. § 3241(b).

Dated:  _____, ___, 2014

By_____
U.S. District Court Judge