IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GENERAL MAJORITY PAC**, a Washington, DC, Not for profit corporation,<br>　　　　　　Plaintiff<br><br>　　　　v.<br><br>**CAROL AICHELE**, *et al.*,<br>　　　　　　Defendants | NO. 1:14-CV-0332<br><br><br>(JUDGE CALDWELL)<br><br><br><br>Electronically Filed |

**Defendants' Brief in Opposition to Plaintiff's
Motion for Judgment on the Pleadings**

## I.　STATEMENT OF THE CASE

The plaintiff, General Majority PAC ("GMP"), is a political organization established to accept contributions and make independent expenditures to advocate for the election of Democratic legislative candidates in Pennsylvania. (Complaint at ¶¶ 15-16) "GMP will not make contributions to, or coordinated expenditures on behalf of, Pennsylvania candidates." (Complaint at ¶ 17) The defendants, sued in their official capacities, are Carol Aichele, the Secretary of the Commonwealth; Pennsylvania Attorney General Kathleen Kane; and various other individuals employed by the Pennsylvania Department of State.

GMP commenced its action on February 24, 2014, challenging restrictions imposed by Section 1633(a) of the Pennsylvania Election Code, 25 P.S. § 3253(a),

on its constitutional right to make independent expenditures. To remedy the violation of its right to free speech under the First and Fourteenth Amendments, GMP seeks a declaratory judgment and permanent injunctive relief.

By order dated March 10, 2014, this Court granted GMP's request for a preliminary injunction and enjoined the defendants from enforcing the provisions of 25 P.S. § 3253(a) against "political committees that do not make contributions to, or coordinated expenditures on behalf of, candidates or political party committees as defined by 25 Pa. Stat. Ann. § 3241(b)." (Order, 3/10/2014)

Defendants did not oppose GMP's motion for a preliminary injunction and have consistently indicated, through their counsel, that based on the Supreme Court's decision in *Citizens United v. FEC*, 558 U.S. 310 (2010), they could not defend – on the merits – against the claims raised by GMP in the Complaint. However, defendants never concurred in the form of preliminary injunction order that GMP had requested and that this Court entered.

On July 2, 2014, GMP filed a motion for judgment on the pleadings. Consistent with the position they have taken throughout this litigation, defendants do not oppose GMP's motion on the merits and concede that the plaintiff is entitled to judgment in its favor. However, defendants **do** object to the proposed order submitted to the Court as being unclear regarding the relief to be granted in that the

proposed order would potentially cause an independent political committee operating under the order to believe that it may make expenditures in violation of Pennsylvania law that are not protected by the U.S. Constitution. Consequently, the defendants propose an alternative order that clearly states the scope and limitations of the injunction issued and prescribes more precisely and accurately the types of expenditures that an independent political committee may make under the injunction order.

This brief explains the basis of defendants' objections to the proposed order submitted by GMP and why the Court should adopt the alternative language proposed by defendants.[1]

---

[1] Defendants' proposed order is attached to this brief. (*See* "Attachment 1")

## II.     SUMMARY OF ARGUMENT

*First*, defendants do not believe the order proposed by GMP makes clear that all political organizations like GMP (*i.e.*, independent expenditure organizations that will be governed by the Court's order) are still required by the Pennsylvania Election Code to comply with the registration and reporting requirements governing political committees.  The order proposed by defendants would expressly note that continuing obligation in order to add clarity for those operating under it and the public at large.

*Second*, defendants believe that the language of GMP's proposed order is ambiguous in that it does not expressly limit expenditures from GMP (and other similar political organizations) to other independent political committees.  Rather, GMP's proposed order appears to leave room for an independent political committee (like GMP) to circumvent the limits of the injunction necessary to remedy the constitutional violation by enabling the independent political committee to make contributions to, or to coordinate expenditures with, other political committees that **are** permitted by law to make contributions to, and coordinate expenditures with, candidates' committees and political party committees.

The right of freedom of speech to be vindicated in this Court's order does not entitle an independent political committee – using money contributed to it by corporations and unions – to accomplish improper coordinated expenditures indirectly through another political committee any more than they have the right to do so through direct coordination with a political committee controlled by a candidate or political party. Defendants' proposed order, therefore, would more clearly and comprehensively delimit the expenditures permitted by the injunction notwithstanding the statute.

## III. ARGUMENT

### A. GMP's proposed order is deficient because it fails to provide that independent political committees still must comply with the general registration and reporting requirements under the Pennsylvania Election Code.

GMP's proposed order is deficient because it does not clearly inform GMP and other independent political committees governed by the order that they still must comply with the general registration and reporting requirements under the Pennsylvania Election Code. As GMP's proposed order is written, an independent political committee could easily infer that the Court's order relieves it of the general registration and reporting requirements imposed upon political committees by the Election Code. Of course, no free speech principle entitles a political committee to operate free of appropriate registration and reporting requirements. An injunction order that would create such a misunderstanding not only might cause a political committee inadvertently to violate Pennsylvania law,[2] but it also would threaten to undermine the smooth and efficient administration of Pennsylvania's election laws and the public's interest in transparency.

---

[2] A political organization that fails to properly register with the Department of State and make mandatory reports could be subject to administrative – and even criminal sanctions – for violating the Election Code.

6

In response to the Court's preliminary injunction order, the Department of State established a form that allows independent expenditure committees to register as such with the Department.³ Without this type of notification to the Department, it would be extremely difficult for the Department to comply with the Court's injunction since the Department cannot easily ascertain which organizations are independent expenditure committees governed by the Court's order and which organizations are not (and, therefore, may be in violation of Pennsylvania's Election Code if it accepts contributions from corporations or unions). The order proposed by defendants would make clear to all that a political committee is operating as an independent political committee consistent with the scope and terms of this Court's injunction order.⁴

---

³ The Department of State's form for registering as an **Independent Expenditure Committee** is available on the Department's website and is attached to this brief as "Attachment 2."

⁴ The potential problem of independent political committees failing to register with the Department appears to be borne out by events occurring since the preliminary injunction was entered in this case. As of the filing of this motion, only four (4) political organizations have registered with the Department as an Independent Expenditure Committee. Defendants note that GMP asserts in the Complaint that "once it accepts or expends $250 or more [to advocate the election of Democratic legislative candidates in Pennsylvania through "independent expenditures"], it will register as a political committee in Pennsylvania." (Complaint at ¶ 16) However, GMP – presumably acting under this Court's preliminary injunction order – has not registered as a political committee or filed

**B.    GMP's proposed order is deficient because it fails to expressly limit contributions to other political committees that do coordinate expenditures with the committees of candidates and political party committees.**

GMP's proposed order would preclude independent expenditure committees from making "contributions to, or coordinated expenditures on behalf of, candidates or political party committees." By its terms, however, GMP's proposed order would appear on its face to allow an independent political committee operating under the Court's order to make contributions to, and to coordinate expenditures with, ***any*** political committee that is not formally affiliated with a candidate or a political party. Allowing an independent political committee to make contributions to a political committee that is not independent would effectively enable the independent political committee to coordinate its expenditures with a candidate or political party committee.

This indirect funneling of contributions made by corporations and unions for use in coordinated spending with political parties and candidates would undermine Pennsylvania's compelling state interest in walling off corporate and union contributions from use by candidates and political parties. This back door opening to improper coordinated spending both is beyond the scope of the relief sought by

---

the Independent Expenditure Committee registration form which was created by the Department in response to the entry of the preliminary injunction in this case.

GMP in its suit and exceeds recognized constitutional limits on the regulation of political spending under *Citizens United* and its progeny.

The order proposed by GMP on its face would permit a political committee operating under the injunction to contribute to or coordinate with *any* other "political action committee" as that term is defined by the Pennsylvania Election Code. A "political action committee" is defined by Section 1621(*l*) of the Election Code as a political committee that receives contributions and makes expenditures "***to, or on behalf of, any candidate <u>other than</u>*** a candidate's own authorized political committees or the political committees of any State, county, city, borough, township, ward or other regularly constituted party committee of any political party or political body." 25 P.S. § 3241(*l*) (emphasis added). Thus, if an independent expenditure committee operating under the Court's order may contribute to and coordinate with *any* political committee that is not a candidate's PAC or a political party PAC, then the segregation of corporate and union money from candidates and political parties would be illusory.

In other words, if GMP's order were entered by the Court, an independent expenditure committee could simply pass its money onto, or coordinate its spending with, other PACs that are permitted to make contributions to or coordinate spending with candidates and political parties under Pennsylvania law.

9

The First Amendment in no way requires states to allow such coordinated political spending, and this Court should not permit it through the entry of GMP's proposed order.

### C. Defendants' proposed order would give GMP the full injunctive relief to which it is entitled, while providing a clearer explanation of the scope of the Court's order.

The Election Code by its own terms requires a political committee to register with the Department of State and to file reports, but GMP's proposed order is silent regarding these obligations. Defendants' proposed order is preferable because it includes an express requirement that political committees governed by the Court's order still must comply with the Department's registration and reporting requirements. This will provide clear notice to all political committees that the Court's order does not nullify these obligations. Absent such notice, enforcement of the basic requirements of Pennsylvania's election laws would needlessly be made more challenging. Defendants' proposed order would allow the Department to administer and enforce Pennsylvania's election laws in an orderly and constitutionally appropriate manner without causing disruption and confusion to independent expenditure committees like GMP (or the general public).

Defendants' proposed order also more precisely describes what a PAC could and could not do to assure that corporate and union funds contributed to an

independent expenditure committee would not end up under the control of a candidate's committee, a political party committee, or other PAC that makes contributions to or coordinates expenditures with candidates and political parties. The more explicit language in defendants' proposed order would ensure that political organizations that believe they fall within its protection are in fact independent expenditure organizations (like GMP) and do not fall outside the proper scope of the order by contributing money to other PACs that do coordinate their activities with candidates and political parties.

## IV. CONCLUSION

For the reasons set forth above, defendants request that the Court adopt its proposed order granting judgment on the pleadings in favor of GMP.

                                              **Respectfully submitted,**

                                              **KATHLEEN G. KANE**
                                              Attorney General

                            **By:**    */s/ Howard G. Hopkirk*
                                              **HOWARD G. HOPKIRK**
                                              Senior Deputy Attorney General
                                              Attorney I.D. #74264

**Office of Attorney General**                */s/Lindsey A. Bierzonski*
**Litigation Section**                               **LINDSEY A. BIERZONSKI**
**15th Floor, Strawberry Square**       **Deputy Attorney General**
**Harrisburg, PA  17120**                       Attorney I.D. #308158
**Direct:  717-783-1478**
**Fax:     717-772-4526**                         **GREGORY R. NEUHAUSER**
                                              **Chief Deputy Attorney General**
**Date:  July 21, 2014**                           **Chief, Civil Litigation Section**

## CERTIFICATE OF SERVICE

I, Howard G. Hopkirk, Senior Deputy Attorney General, hereby certify that on July 21, 2014, I caused to be electronically served the foregoing **Defendants' Brief in Opposition to Plaintiff's Motion for Judgment on the Pleadings** upon the following:

Elisabeth C. Frost, Esquire
Marc E. Elias, Esquire
PERKINS COIE LLP
700 13th Street, NW, Suite 600
Washington, DC  20005
efrost@perkinscoie.com
melias@perkinscoie.com
(*Counsel for Plaintiff*)

Mark A. Aronchick, Esquire
Matthew A. Hamermesh, Esquire
HANGLEY, ARONCHICK, SEGAL & PUDLIN
1 Logan Square, 27th Floor
Philadelphia, PA  19103
maronchick@hangley.com
mhamermesh@hangley.com
(*Counsel for Plaintiff*)

                  **By:**   /s/ Howard G. Hopkirk
                          **HOWARD G. HOPKIRK**
                          **Senior Deputy Attorney General**